IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:16-cr-00269-AN |
| v. | |
| DANIEL ROSALES-ZUNIGA, | OPINION AND ORDER |
| Defendant. | |

    Defendant Daniel Rosales-Zuniga moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, the motion is denied.

## LEGAL STANDARD

    A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The "compassionate release" exception, however, permits a court to modify a term of imprisonment when the following conditions are met: (1) the defendant has fully exhausted all administrative remedies; (2) "extraordinary and compelling reasons warrant" a sentence reduction; (3) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[;]" and (4) the reduction is warranted after considering the applicable factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). A court must find that a defendant satisfies all requirements before granting a motion for compassionate release and may deny a motion for compassionate release if any requirements are not satisfied. *United States v. Wright*, 46 F.4th 938, 946 (9th Cir. 2022).

A.    **Administrative Exhaustion**

    Section 3582(c)(1)(A) requires a defendant to fully exhaust all available administrative remedies before they may seek relief before a court. The administrative exhaustion requirement is met when:

> "(1) the Director of the BOP has filed the motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and either (a) the inmate has 'fully

1

exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf,' or (b) 30 days have elapsed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate."

*United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)) (alterations in original).

The exhaustion requirement is a mandatory-claim processing rule, not a jurisdictional bar, and as such, the requirement is waivable. *Id.* at 1282. However, when the administrative exhaustion requirement is properly raised by the government, a court must enforce the requirement. *Id.*

**B.      Extraordinary and Compelling Reasons**

The Federal Sentencing Guidelines (the "Guidelines") provide criteria for determining whether extraordinary and compelling reasons exist justifying compassionate release. In determining whether compassionate release is warranted, this Court must consider the following criteria:

> "Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
> (1) Medical Circumstances of the Defendant.--
> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (B) The defendant is--
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
> (D) The defendant presents the following circumstances--
> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing

                outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

                (iii) such risk cannot be adequately mitigated in a timely manner.

(2) Age of the Defendant.--The defendant
- (A) is at least 65 years old;
- (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and
- (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) Family Circumstances of the Defendant.--
- (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
- (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
- (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
- (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) Victim of Abuse.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
- (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
- (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

(5) Other Reasons.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an

>   extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."

U.S.S.G. § 1B1.13(b).

The Ninth Circuit previously held that "the [former] version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant" and as a result, "[t]he Sentencing Commission's statements in [former] U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). As a result, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)). U.S.S.G. § 1B1.13 was amended on November 1, 2023 and now reflects that a defendant may file a motion for compassionate release. However, the Ninth Circuit has continued to cite *Aruda* favorably. *See United States v. Holmes*, No. 23-420, 2023 WL 8108461 (9th Cir. Nov. 22, 2023) ("[T]he court properly treated § 1B1.13 as 'persuasive authority.'") (quoting *Aruda*, 993 F.3d at 802, for the proposition that "although § 1B1.13 is not binding, it 'may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant.'").

The Guidelines permit a court to consider changes in the law, including amendments to the Guidelines, in determining the extent of a sentence reduction, but a change in the law alone "shall not be considered" in determining whether extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13(c). The Ninth Circuit has held that changes in post-sentencing decisional law, including non-retroactive changes, may be considered when assessing whether extraordinary and compelling circumstances exist. *United States v. Roper*, 72 F.4th 1097, 1103 (9th Cir. 2023); *see also Concepcion v. United States*, 597 U.S. 481, 484 (2022) ("[T]he First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act."). Courts in the Ninth Circuit may also consider non-retroactive changes in sentencing law when assessing whether extraordinary and compelling circumstances exist. *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) ("We

4

now . . . conclude that district courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons[.]").

Rehabilitation, by itself, is not an extraordinary and compelling circumstance, but may be considered in combination with other circumstances. U.S.S.G. § 1B1.13(d).

In addition to outlining extraordinary and compelling reasons to reduce a sentence, the Guidelines require a court to determine that the defendant is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and that the sentence reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(a).

**C.     18 U.S.C. § 3553(a) Factors**

When deciding a motion for compassionate release, a court "must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted 'under the particular circumstances of the case.'" *Wright*, 46 F.4th at 945 (internal citation and quotation marks removed). The factors include,

> "among other things: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable sentence guidelines; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants."

*Wright*, 46 F.4th 938 at 945 n.4 (citing 18 U.S.C. § 3553(a)).

## BACKGROUND

Defendant plead guilty to possession with the intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On February 22, 2021, he was sentenced to 120 months imprisonment followed by five years of supervised release. J. & Comm., ECF [195], at 1-3.

Defendant is incarcerated at FCI Sheridan. At the time of the government's response, his projected release date was December 2, 2025. Gov't's Resp. to Mot. for Reduction in Sent. ("Gov't's

Resp."), ECF [206], at 2. According to the Bureau of Prisons ("BOP") website, that date has since been changed to August 4, 2025. Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc// (last visited Feb. 5, 2024).

On August 2, 2023, defendant filed this motion to reduce his sentence, asking the Court to grant either his immediate release with time served or any other sentence reduction the Court deems appropriate. Def.'s Mot. For Reduction in Sent. ("Def.'s Mot."), ECF [202], at 2.

## DISCUSSION

### A. Administrative Exhaustion

Defendant states that he submitted a "cop out" request to the warden of FCI Sheridan on June 25, 2023. Def.'s Mot. 2. The government concedes that defendant administratively exhausted his remedies by filing the request. Gov't's Resp. 3. Defendant has, therefore, met the administrative exhaustion requirement.

### B. Extraordinary and Compelling Reasons

Using a boilerplate form, defendant argues that extraordinary and compelling reasons justifying a sentence reduction exist because "[t]he conditions of [defendant's] confinement during the covid-19 pandemic have resulted in a sentence that was more severe than the Court could have contemplated when it originally sentenced him." Def.'s Mot. 2. Defendant does not describe circumstances individual to him, or how he, personally, was affected by COVID-19 at FCI Sheridan. Without demonstrating some circumstances individual to himself, defendant cannot establish extraordinary and compelling reasons related to COVID-19. *See United States v. Willis*, No. 3:12-CR-00292-HZ, 2023 WL 2625530, at *5 (D. Or. Mar. 22, 2023) ("General conditions in a prison related to COVID-19, without some circumstance individual to a particular defendant, 'are not sufficient to reduce [the] defendant's sentence.'") (quoting *United States v. Martinez*, No. 15-CR-1299-2-GPC, 2022 WL 126306, at *4 (S.D. Cal. Jan. 13, 2022)); *United States v. Whitzel*, No. 3:20-CR-00505-IM-3, 2023 WL 6476599, at *2 (D. Or. Oct. 5, 2023) (collecting cases); *United States v. Sandoval*, No. 3:11-CR-00455-HZ, 2023 WL 6255679, at *1 (D. Or. Sept. 26, 2023) ("[G]eneralized concerns about the pandemic are not 'extraordinary and compelling reasons'

6

justifying compassionate release."). Accordingly, defendant's generalized allegations of prison conditions at FCI Sheridan related to COVID-19 are not sufficient to justify compassionate release.

Although general conditions in a prison related to COVID-19 are not sufficient, without circumstances particular to an individual defendant, to warrant a sentence reduction, "the generally harsh conditions" under which a defendant serves "contribute[] to the analysis of extraordinary and compelling circumstances." *Willis,* 2023 WL 2625530, at *5 (citation omitted). The Court accordingly keeps defendant's allegations about the conditions at FCI Sheridan in mind while considering other bases for sentence reduction.

Defendant also notes that his Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") score was miscalculated by the BOP, that his treatment needs were inappropriately scored, and that these mistakes caused him not to receive good time credit for which he would be otherwise eligible, delaying his release. Def.'s Mot. 5. The government states that on August 9, 2023, the BOP updated defendant's PATTERN score from medium to low, as requested, and that defendant is now able to apply accrued good time credits toward early release. Gov't's Resp. 4; Gov't's Resp., Ex. A, at 1. Regardless, defendant's PATTERN score and related arguments regarding this good time credit do not constitute extraordinary and compelling circumstances.

In addition to the reasons discussed above, defendant requests a reduction in sentence for "conditions of confinement," "medical/psych," "family circumstances," "sentencing changes," and "time-served." Def.'s Mot. 6. Defendant does not elaborate on why or how these qualify as extraordinary and compelling circumstances. Without additional information, the Court is unable to meaningfully consider these factors to determine whether they constitute extraordinary and compelling circumstances in this case.

For the above reasons, the Court finds that defendant has failed to demonstrate extraordinary and compelling reasons warranting a sentence reduction.

C.  **18 U.S.C. § 3553(a) Factors**

Defendant argues that he "has spent a significant amount of time in prison both atoning for crimes and rehabilitating himself," and that his post-conviction conduct is a characteristic that weighs in

favor of a sentence reduction. Def's Mot. 4. The government counters that the seriousness of defendant's offense, history of violating probation and committing new offenses, and lack of release plan weigh against a sentence reduction. Gov't's Resp. 6-7.

Defendant provides no individualized explanation of why the 18 U.S.C. § 3553(a) factors suggest that the circumstances of this case warrant compassionate release. On the other hand, many factors weigh against release. The nature and circumstances of defendant's underlying crime are undeniably serious: he was convicted of possession with the intent to distribute 500 grams or more of methamphetamine, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). J. & Comm. 1. Notably, the total amount implicated was 7.69 kilograms—almost 17 pounds—of methamphetamine. Gov't's Resp. 2. The 120-month term of incarceration imposed was a significant downward departure from the guideline range for that offense. In addition, given that defendant travelled to Mexico prior to his arrest, has violated probation in the past, and does not have a release plan, his current sentence serves to promote respect for the law and deter crime.

Given the seriousness of the underlying offense, defendant's personal characteristics, the need for the sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public, and the applicable sentencing guidelines, the Court finds that the relevant § 3553(a) factors weigh against granting compassionate release.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Reduce Sentence, ECF [202], is DENIED.

IT IS SO ORDERED.

DATED this 5th day of February, 2024.

*Adrienne Nelson*
Adrienne Nelson
United States District Judge